[Cite as *State v. Wilson*, 2025-Ohio-3016.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 24CA012197 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSHUA J. WILSON | ELYRIA MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 24-TRD-06837 |

DECISION AND JOURNAL ENTRY

Dated: August 25, 2025

HENSAL, Judge.

{¶1}  Joshua Wilson appeals his convictions from the Elyria Municipal Court.  For the following reasons, this Court affirms.

I.

{¶2}  Mr. Wilson collided with another vehicle while attempting to change lanes on an interstate highway in North Ridgeville.  He was initially charged under the city's municipal code, but later for reckless operation under Revised Code Section 4511.20 and for failure to signal turns under Section 4511.39.

{¶3}  At trial before a magistrate, the State played a video recorded by the dash camera of the other vehicle.  Mr. Wilson argued that the video showed the other driver accelerating as he was attempting to move into the lane.  He also argued that the other driver had been driving recklessly, even using the left shoulder to pass him at one point.  The magistrate acknowledged that both drivers had behaved inappropriately but found Mr. Wilson guilty of the offenses.  Mr.

Wilson objected to the magistrate's decision, but the trial court overruled his objections and adopted the magistrate's decision. Mr. Wilson has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FINDING APPELLANT GUILTY BEYOND A REASONABLE DOUBT AFTER THE STATE FAILED TO SEEK, OBTAIN, AND PRESERVE MATERIAL EXCULPATORY EVIDENCE.

{¶4} In his first assignment of error, Mr. Wilson argues that the State should have sought and preserved more of the other driver's dash camera footage. He argues that a video of the entire interaction between him and the other driver could have made the difference between whether he was convicted or acquitted. According to Mr. Wilson, because the exculpatory nature of the complete video was apparent, the State had a duty to obtain it from the other driver.

{¶5} "The Due Process Clause of the Fourteenth Amendment requires the State to disclose to criminal defendants favorable evidence that is material either to guilt or to punishment." *California v. Trombetta*, 467 U.S. 479, 480 (1984). Mr. Wilson acknowledges, however, that it is not the responsibility of the State to obtain evidence that a defendant can obtain on his own. *See State v. Franklin*, 2002-Ohio-2370, ¶ 52 (2d Dist.). He argues that, unlike the State, he could not have subpoenaed the other driver for the entire video because he did not know the other driver had a dash camera.

{¶6} It is not disputed that the State disclosed to Mr. Wilson all the video it received from the other driver. We agree with the Second District Court of Appeals that the State does not have an obligation to produce video that is not in its possession and has never been in its possession. *State v. Grigley*, 2007-Ohio-3159, ¶ 35 (2d Dist.). There is also no evidence as to the existence of the additional video footage sought or that it is exculpatory. Accordingly, upon review

of the record, we conclude that Mr. Wilson has failed to establish that the State violated his due process rights. Mr. Wilson's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTIONS FOR RECKLESS OPERATON AND FAILING TO SIGNAL BEFORE TURNING WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶7} In his second assignment of error, Mr. Wilson argues that his convictions are against the manifest weight of the evidence. When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

{¶8} Mr. Wilson argues that the other driver gave conflicting testimony about whether he sped up around the time that Mr. Wilson attempted to cross into the left lane. The other driver also admitted using the left shoulder to pass Mr. Wilson at some point before the collision. The other driver also claimed to only be able to retrieve a short video centered around the time of the collision but admitted there was additional video from after the collision that he did not send to the law enforcement. According to Mr. Wilson, he should not have been found guilty because the other driver instigated the collision.

{¶9} The other driver testified that the reason he had to use the shoulder to go around Mr. Wilson was because Mr. Wilson began moving into the left lane from the center lane as he

was passing Mr. Wilson. He, therefore, went partially into the shoulder to avoid an earlier collision with Mr. Wilson. The other driver also testified that he changed his testimony about whether he sped up just before the collision because, when he viewed the dash camera video, he could see that his speed had increased prior to the collision. The other driver further testified that he was unable to preserve any earlier footage from his dash camera because he had only recently obtained the camera and was unfamiliar with how long it would record before taping over earlier recordings. He testified that he did not produce additional footage after the collision because he did not believe it was relevant.

{¶10} Section 4511.20(A) provides that "[n]o person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property." Section 4511.39(A) provides that "[n]o person shall . . . move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided."

{¶11} The dash camera video shows Mr. Wilson overtaking the other driver quickly on the right. Well before Mr. Wilson was entirely in front of the other driver, he began moving left into the other driver's lane. The side of Mr. Wilson's truck made contact with the other driver's vehicle first, causing Mr. Wilson's truck to begin to turn sideways. Mr. Wilson straightened out as the bumpers of the two vehicles collided repeatedly. The other driver steered into the middle lane to avoid further collisions, but Mr. Wilson also steered into the middle lane, even though only a little more than half of his truck was in front of the other driver. By then, the other driver had slowed considerably below the speed limit, but Mr. Wilson forced him to move even further to the right as he reclaimed the middle lane.

{¶12}  Upon review of the record, this is not the exceptional case where the evidence weighs heavily against the convictions.  Mr. Wilson's second assignment of error is overruled.

III.

{¶13}  Mr. Wilson's assignments of error are overruled.  The judgment of the Elyria Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.Rok. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

GEOFFREY R. SMITH, Attorney at Law, for Appellant.

SEAN F. KELLEHER, Prosecuting Attorney, for Appellee.